1 │ JEFFREY M. COHON, ESQ. (CSBN 131431) a member of
   │ KRISTINA S. KELLER, ESQ. (CSBN 161946) an attorney at
2 │ **COHON & POLLAK, LLP**
   │ 1999 Avenue of the Stars, Suite 1100
3 │ Los Angeles, California 90067
   │ 310/231-4470
4 │ 310/231-4610

5 │ Attorneys for Defendant
   │ Bad Boys Bail Bonds, Inc.
6

7

8 │ UNITED STATES DISTRICT COURT

9 │ FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 │ WESTERN DIVISION

11 │ CV 08-03952 CAS (FFMx)

12 │ ROBERT RAMOS                          ) USDC CASE NO.

13 │              Plaintiff,              ) **NOTICE OF REMOVAL OF CIVIL ACTION
   │                                      )  TO THE UNITED STATES DISTRICT**
14 │ vs.                                  ) **COURT BASED UPON FEDERAL
   │                                      )  QUESTION [29 U.S.C. §1441(c)]**
15 │ BAD BOYS BAIL BONDS, INC., ~~COUNTY~~ )
   │ ~~OF LOS ANGELES~~, and DOES 1 through 20,)
16 │ inclusive,                    10    )
   │                                      )
17 │              Defendants.            )
   │ _____ )
18

19 │      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

20 │ DISTRICT OF CALIFORNIA, PLAINTIFF ROBERT RAMOS AND TO HIS ATTORNEYS OF

21 │ RECORD:

22 │      **PLEASE TAKE NOTICE THAT** defendant Bad Boys Bail Bonds, Inc., hereby removes to

23 │ this Court the state court action entitled *Robert Ramos v. Bad Boys Bail Bonds, Inc.*, Los Angeles

24 │ Superior Court Case Number BC 390317, based on the following:

25 │      1.    On May 6, 2008, plaintiff Robert Ramos ("Plaintiff") filed a complaint against defendant

26 │ Bad Boys Bail Bonds, Inc. with the Los Angeles Superior Court. Pursuant to 28 U.S.C. §1446(a),

27 │ Plaintiff attaches as Exhibits "A" and "B" to this Notice of Removal true and correct copies of the

28 │ Plaintiff's May 6, 2008 Complaint and Defendant's June 16, 2008 Answer to Complaint.

1

2.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant Bad Boys Bail Bonds, Inc. pursuant to the provisions of 28 U.S.C. § 1441(c) in that it is a civil action and plaintiff's fifth cause of action for Violation of 29 U.S.C. § 207 arises under federal law, *to wit*, the Fair Labor Standards Act of 1938, 29 U.S.C. §202, et seq.

DATED: June 16, 2008                    COHON & POLLAK, LLP


By: _____
        JEFFREY M. COHON
        Attorneys for Defendant
        Bad Boys Bail Bonds, Inc.

2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 0 6 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
BAD BOYS BAIL BONDS, INC., a California corporation;
and DOES 1 through 10, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT RAMOS

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles- Central District
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC390317

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DEASON & ARCHBOLD; 3300 Irvine Avenue, Suite 245; Newport Beach, CA 92660
(949) 794-9560

DATE: MAY 0 6 2008   JOHN A. CLA...   Clerk, by M. GARCIA , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Bad Boys Bail Bonds, Inc
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

3

Matthew F. Archbold (SBN 210369)
David D. Deason (SBN 207733)
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile:   (949) 794-9517
Email: matthew@yourlaborlaborlawyers.com

Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 0 6 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

ROBERT RAMOS,

       Plaintiff,

   vs.

BAD BOYS BAIL BONDS, INC., a
California corporation;
and DOES 1 through 10,
inclusive,

      Defendants.

Case No.:   BC390317

[Class Action Pursuant to
California Code of Civil
Procedure § 382]

COMPLAINT FOR DAMAGES; DEMAND
FOR JURY TRIAL

1.  Violation of California
    Labor Code Sections 510,
    1198, and IWC Wage Orders;
2.  Violation of California
    Labor Code Sections 201 &
    203;
3.  Violation of Labor Code
    Section 226;
4.  Violation of California
    Business and Professions
    Code §17200, et seq.
5.  Violation of 29 U.S.C.
    Section 207

0

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## JURISDICTION

2     1.    This Court has jurisdiction over this action as the
3   controversy arises under the laws of the State of California,
4   and under the Fair Labor Standards Act of 1938 ("FLSA"), 29
5   U.S.C. §§ 201 *et seq.*

6

## VENUE

7     2.    Venue is proper in the Los Angeles County Superior
8   Court because a substantial part of the acts, events, or
9   omissions giving rise to the action occurred in this County, and
10  Defendant BAD BOYS BAIL BONDS, INC. resides and operates a place
11  of business within the County of Los Angeles, California.

12

## PARTIES

13    3.    Plaintiff, ROBERT RAMOS (hereinafter "RAMOS" or
14  "Plaintiff"), is a United States citizen and resident of San
15  Bernardino County, California.

16    4.    Defendant, BAD BOYS BAIL BONDS, INC. doing business
17  as "Bad Boys Bail Bonds" (hereinafter "BAD BOYS"), was and is at
18  all times mentioned a California corporation doing business by
19  virtue of the laws of the State of California, with a places of
20  business in Inglewood, Los Angeles, and San Jose, California;
21  and at all times, hereinafter mentioned, was engaged in commerce
22  within California, and throughout the various states of the
23  United States of America ("USA").

24    5.    Each of the DOES 1 through 10, inclusive, is so named
25  because Plaintiff does not know their true names and/or
26  capacities at this time.  Plaintiff will seek leave of Court to
27  amend this Complaint when the true names and capacities of the
28  / / / /

1

1   defendants designated herein as DOES 1 through 10 have been

2   ascertained.

3       6.   At all times herein set forth, Defendants were

4   employers within the definition of the FLSA and/or California

5   State Law and/or were persons acting in the employer's interest

6   in dealing with employees; and Plaintiff was at all times herein

7   set forth an employee of Defendants within the definition of the

8   FLSA and/or California State Law.

9       7.   Plaintiff is informed and believes and thereon alleges

10  that at all times herein mentioned, Defendants' annual gross

11  volume of sales made or business done is not less than $500,000.

12      8.   Plaintiff is informed and believes, and on the basis

13  of such information and belief, alleges that each defendant was

14  an agent, employee, partner, successor, and/or alter ego of each

15  of the other remaining defendants, and in doing the things

16  herein alleged were acting within the scope and course of such

17  agency and/or employment.

18      9.   Each of the fictitiously named defendants are

19  responsible in some manner for the occurrences herein alleged,

20  and Plaintiff's injuries as herein alleged were proximately

21  caused by such defendants.

22      10.  The defendants, and each of them, save and except

23  defendant BAD BOYS, which is sued as an entity, are sued in

24  their individual and official capacities.

25      11.  The acts of defendants were in accordance with, and

26  represent the official policy of defendant BAD BOYS, or those

27  whose edicts or acts may fairly be said to represent official

28  policies hereinafter set forth.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1      12.  Each defendant herein willfully committed, ordered,
2  directed, supervised, allowed, planned, ratified, concealed,
3  organized or otherwise participated in the unlawful acts
4  complained of herein.

5                    **CLASS ACTION ALLEGATIONS**

6      13.  Plaintiff herein files this action on behalf of
7  himself and on behalf of all current and former employees of BAD
8  BOYS occupying the position of "Investigator" (also sometimes
9  referred to as a "Bail Recovery Agent") in the State of
10  California within the four years preceding the filing of this
11  Complaint. The persons in the class are so numerous, (consisting
12  of more than fifty (50) individuals) that the joinder of all
13  such persons is impracticable, and the disposition of their
14  claims in a class action rather than in individual actions will
15  benefit the parties and the Court.

16      14.  This class action is brought under California Labor
17  Code §§ 201, 202, 203, 226, 1194, 1198; and California Business
18  and Professions Code § 17200 to recover from Defendants unpaid
19  overtime and/or double time compensation, attorney fees, costs
20  of suit, and penalties.

21      15.  The proposed class that Plaintiff seeks to represent
22  is composed of all current and former employees employed at BAD
23  BOYS within the State of California as Investigators (and
24  substantially equivalent positions under any different name, if
25  the title or classification of the positions was different
26  during said period of time), who were not paid all of their
27  overtime and/or double time compensation, as required by
28  California State Law.  Such persons number in excess of fifty

                                3

1  (50), and are located in all parts of the USA and therefore are
2  so numerous as to make it impracticable to bring them all before
3  the Court.

4      16.  There is a well defined community of interest in the
5  litigation and the class is easily ascertainable:

6          a.   Numerosity:  The plaintiff class is so numerous
7  that the individual joinder of all members is impractical under
8  the circumstances of this case.  While the exact number of class
9  members is unknown to Plaintiff at this time, Plaintiff is
10 informed and believes and thereon alleges that, in California,
11 there are at least fifty (50) current and former individuals
12 employed by Defendants as Investigators that were not paid all
13 of their overtime and/or double time compensation during the
14 period covered by this action.

15         b.   Common questions predominate:  The rights which
16 are the subject of this action are common to all of the current
17 and  former  Investigators  who  worked  for  Defendants  within
18 California.   There are questions of law and fact presented
19 herein which are common to the entire class of persons
20 represented by Plaintiff, and Plaintiff's claims, as hereinafter
21 set forth, are typical of the claims of all class members
22 including, but not limited to:

23             i)   Whether Defendants failed to pay its
24 Investigators one and one-half times their regular rate of pay
25 for all hours worked in excess of eight (8) per day, and/or
26 forty (40) per week;

27             ii)  Whether Defendants failed to pay its
28 Investigators one and one-half times their regular rate of pay

4

1    for the first eight (8) hours worked on the seventh consecutive
2    day worked in a week;

3                  iii)  Whether  Defendants  failed  to  pay  its
4    Investigators two times their regular rate of pay for all hours
5    worked in excess of twelve (12) per day;

6                  iv)   Whether  Defendants  failed  to  pay  its
7    Investigators two times their regular rate of pay for all hours
8    worked in excess of eight (8) on the seventh consecutive day
9    worked in a week;

10                 v)    Whether  Defendants  maintained  a  policy
11   whereby the all of the hours worked, and rates of pay, of
12   Investigators were not accurately recorded; and

13                 vi)   Whether Defendants improperly calculated the
14   overtime and/or double time rates of pay for all of its
15   Investigators.

16             c.   Typicality:   Plaintiff's claims are typical of
17   the claims of the class members. Plaintiff and the members of
18   the class sustained damages arising out of Defendant's common
19   practice of failing to pay overtime and/or double time for all
20   hours worked, and not properly computing the overtime and/or
21   double time rates of pay for Investigators.

22             d.   Adequacy:   Plaintiff is qualified to, and will,
23   fairly and adequately protect the interests of each class
24   member.   Plaintiff has no interests that are adverse to the
25   interests of the other class members.

26             e.   Superiority:   Class  action  adjudication  is
27   superior to other available methods because class action will
28   / / / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  achieve economies of time, effort, and expense as compared to
2  separate lawsuits, and avoid inconsistent outcomes, because the
3  same issues can be adjudicated in the same manner for the entire
4  class.

5       f.   Public   Policy   Consideration:        Employers
6  throughout the state violate wage and hour laws every day.
7  Current employees are often afraid to assert their rights out of
8  fear of direct or indirect retaliation. Former employees are
9  fearful of bringing actions because they perceive their former
10 employers can damage their future endeavors through negative
11 references and other means.  Class actions provide the class
12 members who are not named in the complaint with a type of
13 anonymity that allows for the vindication of their rights.

14     15. Plaintiff requests that absent class members be
15 notified by the best notice practicable under the circumstances,
16 including individual notice to all members who can be identified
17 through reasonable effort.

18                    STATEMENT OF FACTS

19     16.  Plaintiff brings this action on behalf of himself, and
20 all other persons similarly situated, to recover from Defendants
21 unpaid overtime and/or double time compensation, attorney fees,
22 costs of suit, and applicable penalties.

23     17.  At all times herein set forth, Defendant BAD BOYS was
24 an employer within the definition of California state law and/or
25 the FLSA, and Plaintiff was, at all times herein set forth, an
26 employee of Defendant BAD BOYS within the definition of
27 California state law and/or the FLSA.

28 / / / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    18. Defendants employed Plaintiff in the capacity of
2  Investigator from approximately June, 2002 through March, 2008.
3  Prior to the end of his employment, Plaintiff worked primarily
4  out of the BAD BOYS business location in Inglewood, California.
5  During Plaintiff's employment by Defendants, he was paid a
6  "salary" of between approximately $37,000 and $50,000.

7    19. The basic job duties of an "Investigator" at "Bad Boys
8  Bail Bonds" consist of conducting investigations to locate bail
9  fugitives, arrest such fugitives once located and deliver them
10 to the authorities. These investigations included the
11 apprehension and arrest of bail fugitives, visual surveillance,
12 "tailing" investigation subjects, testifying in court regarding
13 Motions to Continue, preparing declarations for use in court
14 proceedings, and the preparation of evidence and reports. These
15 duties required a significant amount of travel and work
16 performed at unusual hours. Approximately every other week
17 Plaintiff was placed "on call." If Plaintiff was "on call" he
18 was required to promptly report to work at any hour of the day
19 or night when Defendant called him. This "on call" work was in
20 addition to his regular hours worked. The duties performed by
21 Plaintiff were necessary and an integral part of and essential
22 to Defendants' business.

23   20. Throughout his employment at BAD BOYS, Plaintiff was
24 required to work hours constituting both regular "straight time"
25 hours of work and "overtime" hours of work as those terms are
26 defined by California State Law. At different times during his
27 employment, Plaintiff was required to work in excess of forty
28 (40) hours of compensable time each work week, and in excess of

7

11

1    eight (8), and twelve (12) hours a work day for which no
2    additional compensation was paid by Defendants to Plaintiff.
3    These hours were worked with the knowledge, consent and
4    acquiescence of Plaintiff's supervisors and, in fact, the work
5    was demanded of him.   Defendants freely accepted the benefits
6    provided by the work performed by Plaintiff.

7        21.  In approximately November of 2007, Defendant BAD BOYS
8    instituted a policy whereby Plaintiff, and other
9    "Investigators," were scheduled to work four (4) days per week,
10   for ten (10) hours per day. In addition to his ten (10) hour
11   shifts, Plaintiff had to go home and complete "F.A.R." or "Field
12   Activity Reports" for Defendants.   Defendants didn't want
13   Plaintiff, and other Investigators, in the office past their ten
14   (10) hour shifts, so made them work form home. Defendants did
15   not pay overtime compensation for the two (2) hours worked each
16   day in excess of eight (8) during Plaintiff's "shift" and did
17   not pay overtime compensation for the hours worked by Plaintiff
18   from his home.

19       22.  Prior to approximately November of 2007, Plaintiff,
20   and other Investigators, were not paid overtime for any hours
21   worked in excess of eight (8) per day and/or forty (40) per
22   week, or for any hours worked up to eight (8) on the seventh
23   work day of any work week.   They were also not paid double time
24   for any hours worked in excess of twelve (12) per day, or in
25   excess of eight (8) on the seventh work day of any work week.

26       23.  Throughout Plaintiffs' employment, Defendants did not
27   keep and maintain true and accurate records of Plaintiff's hours
28   / / / /

12

1   worked, applicable rates of pay, nor did they reflect those
2   hours worked on Plaintiffs' pay stubs.

3       24.   After Plaintiff's employment with Defendants ended, he
4   was not paid for his uncompensated overtime and remains
5   uncompensated.

6       25.   Plaintiff is informed and believes and thereon alleges
7   that at all times herein mentioned, Defendants were advised by
8   skilled lawyers and other professionals, employees and advisors
9   knowledgeable about California State labor and wage law and
10  employment and personnel practices, and about the requirements
11  of California law to pay overtime wage rates, and knew or should
12  have known that Plaintiff was working these overtime hours
13  because, among other things, Defendants' agents, officers and
14  employees witnessed and/or instructed Plaintiff to work such
15  hours.   Therefore, Plaintiff is informed and believes and
16  thereon alleges that at all times herein mentioned, Defendants
17  knew that they had a duty to compensate Plaintiff at overtime
18  rates as required by California law, and that Defendants had the
19  financial ability to pay such overtime compensation, but
20  willfully, knowingly and intentionally failed to do so, all in
21  order to increase Defendants' profits.

22                      **FIRST CAUSE OF ACTION**

23      **VIOLATION OF CALIFORNIA LABOR CODE §§ 1198 AND 510, AND**

24          **INDUSTRIAL WELFARE COMMISSION WAGE ORDERS**

25      26.   Plaintiff reasserts and realleges paragraphs 1 through
26  25, inclusive, as if fully set forth and incorporate said
27  paragraphs herein by reference.

28  / / / /

                              9

13

27. The Defendants' conduct described in this Complaint violated the provisions of California Labor Code § 1198, which provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC").

28. At all times relevant to this Complaint, the IWC Wage Order applicable to Plaintiff's employment by Defendants provides that employees are entitled to payment at the rate of one and one-half their regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek. The applicable Wage Order also provides that all hours worked in excess of twelve (12) hours in a day must be paid at a rate of two times the regular rate of pay, and that the first eight (8) hours in the seventh consecutive day of work must be paid at the rate of one and one-half times the regular rate. Effective January 1, 2000, these rights to overtime compensation were codified in California Labor Code § 510.

29. As set forth more fully above, Plaintiff worked more than eight (8) hours and twelve (12) hours in a day, and more than forty (40) hours per week, without receiving all of his overtime and/or double time compensation as required under the California Labor Code.

30. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the California Labor Code, failed and refused to pay his full overtime and/or double time compensation.

31. Defendants' failure to pay Plaintiff the unpaid balance of overtime compensation for time spent in the performance of his job duties, as required by California State

10

14

1  Law, violates the provisions of Labor Code § 1198 and is
2  therefore unlawful.

3      32. Therefore, pursuant to California Labor Code § 1194,
4  Plaintiff is entitled to recover his unpaid overtime and/or
5  doublet time compensation, plus interest, attorney's fees and
6  costs.

7                    **SECOND CAUSE OF ACTION**

8      **VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203**

9      33. Plaintiff reasserts and realleges paragraphs 1 through
10 32, inclusive, as if fully set forth and incorporate said
11 paragraphs herein by reference.

12     34. The Defendants' conduct described in this Complaint
13 violates the provisions of California Labor Code § 203 which
14 provides that "If an employer willfully fails to pay, without
15 abatement or reduction, in accordance with Sections 201, 201.5,
16 202, and 205.5, any wages of an employee who is discharged or
17 who quits, the wages of the employee shall continue as a penalty
18 from the due date thereof at the same rate until paid or until
19 an action therefore is commenced; but the wages shall not
20 continue for more than 30 days . . . . Suit may be filed for
21 these penalties at any time before the expiration of the statute
22 of limitations on an action for the wages from which the
23 penalties arise."

24     35. Defendants' failure to pay Plaintiff his overtime
25 and/or double time wages earned and unpaid within seventy-two
26 (72) hours of his resignation, and/or immediately upon
27 termination violates California Labor Code Section 201 and/or
28 202.

1    36.  Therefore, Plaintiff is entitled to recover from
2  Defendants the statutory penalty for each day that he was not
3  paid at his regular rate of pay up to a thirty (30) day maximum
4  pursuant to California Labor Code § 203.

5                      THIRD CAUSE OF ACTION

6        WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226

7    37.  Plaintiff reasserts and realleges paragraphs 1 through
8  36, inclusive, as if fully set forth and incorporate said
9  paragraphs herein by reference.

10   38.  As set forth more fully above, Defendants have either
11 recklessly or knowingly and intentionally failed to make, keep,
12 and preserve true, accurate, and complete records of, among
13 other things, the actual number of hours worked each workday and
14 each workweek by Plaintiff, and his accurate pay rates.

15   39.  As a direct and proximate result of Defendants'
16 alleged actions and inactions, Plaintiff is entitled to recover
17 from Defendants the greater of his actual damages caused by
18 Defendants' failure to comply with California Labor Code §
19 226(a) or an aggregate penalty not exceeding four thousand
20 dollars ($4,000), and an award of costs and reasonable
21 attorney's fees pursuant to Labor Code § 226(e).

22                     FOURTH CAUSE OF ACTION

23        VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

24                 CODE SECTIONS 17200 *et seq*

25                   UNFAIR BUSINESS PRACTICES

26   40.  Plaintiff reasserts and realleges paragraphs 1
27 through 39, inclusive, as if fully set forth and incorporate
28 said paragraphs herein by reference.

                              12

1    41.  Plaintiff brings this cause of action on behalf of
2  himself, and the general public.

3    42.  Defendants' failure to pay overtime and/or double time
4  in violation of California Law, constitutes an unlawful business
5  act and practice in violation of Business and Professions Code
6  §17200 *et seq.*

7    43.  Pursuant to Business and Professions Code §17200 *et*
8  *seq.*, Plaintiff is entitled to restitution of uncompensated
9  overtime accrued, which has been withheld and retained by
10 Defendant during a period that commences four (4) years prior to
11 the filing of this action; a permanent injunction requiring
12 Defendant to cease these policies; an award of attorney's fees
13 pursuant to Code of Civil Procedure §1021.5 and other applicable
14 law; and costs.

15              **FIFTH CAUSE OF ACTION**

16       **FOR WILLFUL VIOLATION OF 29 U.S.C. § 207**

17   44.  Plaintiff reasserts and realleges paragraphs 1 through
18 43, inclusive, as if fully set forth and incorporate said
19 paragraphs herein by reference.

20   45.  Defendants, and each of them, have either recklessly
21 or knowingly and intentionally failed to compensate Plaintiff
22 for all of the overtime hours Plaintiff worked.

23   46.  Although Defendants have been apprized of the law
24 regarding the payment of hours covered by the FLSA, Defendants
25 failed to pay Plaintiff for all of his actual hours worked.
26 Defendants knew or should have known that Plaintiff was working
27 these overtime hours because they instituted and/or ratified
28 / / / /

1  policies which precluded the recording of all hours worked by
2  Plaintiff.

3      47.  In doing all the things described and alleged herein,
4  Defendants, and each of them, deprived Plaintiff of his rights,
5  privileges and immunities secured to him by federal law which
6  clearly sets forth that Plaintiff was entitled to be paid at the
7  rate of one and one-half times his regular rate of pay for all
8  overtime hours worked.  Defendants knew, or should have known,
9  that their reckless and/or willful and intentional failure to
10 pay Plaintiff's overtime violates these rights, privileges and
11 immunities.

12     48.  As  a  direct  and  proximate  result  of  Defendants'
13 actions  and  inactions,  Plaintiff  has  been  damaged,  and  is
14 entitled to compensatory and/or liquidated damages in an amount
15 according to proof at trial including, but not limited to, a sum
16 equivalent  to  his  unpaid  overtime  compensation  for  the  three
17 years preceding the filing of this complaint as required by 29
18 U.S.C. § 216(b), attorney's fees, and costs.

19                          **PRAYER FOR RELIEF**

20     WHEREFORE, Plaintiff prays for relief and judgment against
21 defendants, jointly and severally, as follows:

22                         Class Certification

23     1.   That this action be certified as a class action;

24     2.   That  Plaintiff  be  appointed  as  the  representative  of
25 the class; and

26     3.   That  Counsel  for  Plaintiff  be  appointed  as  class
27 counsel.

28 / / / /

                              14

1

### As to the First Cause of Action

2    1. For general unpaid overtime and/or double time wages at

3 the overtime and/or double time rate, according to proof at

4 trial, and such general and special damages as may be

5 appropriate;

6    2. For prejudgment interest on any unpaid overtime and/or

7 double time compensation from the day such amounts were due;

8    3. For reasonable attorney's fees pursuant to California

9 Labor Code § 1194(a);

10    4. For costs of suit herein incurred; and

11    5. For such other further relief as the court may deem

12 proper.

13

### As to the Second Cause of Action

14    1. For general unpaid overtime and/or double time wages,

15 according to proof at trial, and all actual, consequential, and

16 incidental losses and damages, according to proof;

17    2. For statutory penalties pursuant to California Labor

18 Code § 203;

19    3. For reasonable attorney's fees;

20    4. For costs of suit herein incurred; and

21    5. For such other relief as the court may deem proper

22

### As to the Third Cause of Action

23    1. For all actual, consequential, and incidental losses and

24 damages, according to proof;

25    2. For statutory penalties pursuant to California Labor

26 Code § 226;

27    3. For reasonable attorney's fees pursuant to California

28 Labor Code § 226(e);

19

1      4. For costs of suit herein incurred; and

2      5. For such other further relief as the court may deem

3  proper.

4              As to the Fourth Cause of Action

5      1.   For all actual, consequential, and incidental losses

6  and damages, according to proof;

7      2.   For restitution of unpaid wages;

8      3.   For a permanent injunction that defendants cease

9  not properly paying their employees in the job positions

10  described in this Complaint for all their overtime and/or double

11  time hours worked, and correct their time keeping practices;

12      4.   For reasonable attorney's fees;

13      5.   For costs of suit incurred herein; and

14      6.   For such other and further relief as the Court may

15  deem appropriate.

16              As to the Fifth Cause of Action

17      1.   All actual, consequential, liquidated and incidental

18  losses and damages, according to proof at trial;

19      2.   Such other damages as may be allowed in accordance

20  with the Federal Rules of Civil Procedure, Rule 54(c), and 29

21  U.S.C. § 216(b) according to proof at trial;

22      3.   Liquidated damages, attorney's fees, and costs

23  pursuant to 29 U.S.C. § 216(b);

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    4.   Any and all other relief, including equitable relief,
2    as the Court may deem just and proper.

3    DATED: April 30, 2008              DEASON & ARCHBOLD

4

5                                       By:

6                                          Matthew F. Archbold
                                           Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury as provided by

3  California Code of Civil Procedure, section 592.

4  DATED: April 30, 2008           DEASON & ARCHBOLD

5

6                                  By: _____

7                                       Matthew F. Archbold
                                         Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew F. Archbold (SBN 210369)<br>DEASON & ARCHBOLD<br>3300 Irvine Avenue, Suite 245<br>Newport Beach, CA 92660 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |

TELEPHONE NO.: 949-794-9560   FAX NO.:

ATTORNEY FOR *(Name)*: Plaintiff, Robert Ramos

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

MAY 06 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

CASE NAME:
Ramos vs. Bad Boys Bail Bonds, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC390317<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:  Five
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2008

Matthew F. Archbold
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

23

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RAMOS vs. BAD BOYS BAIL BONDS, INC. | BC390317 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ___15___ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3 |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 1 of 4



SHORT TITLE:
RAMOS vs. BAD BOYS BAIL BONDS, INC.

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RAMOS vs. BAD BOYS BAIL BONDS, INC. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>RAMOS vs. BAD BOYS BAIL BONDS, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>11222 La Cienega Blvd., Suite 650 |
|---|---|---|---|
| CITY:<br>Inglewood | STATE:<br>CA | ZIP CODE:<br>90304 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ____County____ courthouse in the ____Central____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: April 30, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC390317

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court , rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

| | |
|---|---|
| MEDIATION | A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes. |
| | The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12. |
| ARBITRATION | A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration. |
| | The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12. |
| ENE | A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation. |
| | The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement. |
| | The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12. |
| SETTLEMENT CONFERENCE | A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case. |

### JURISDICTIONAL LIMITATIONS

| | |
|---|---|
| MEDIATION, ARBITRATION & ENE | Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court. |
| | Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute. |
| SETTLEMENT CONFERENCE | Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit. |

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| PARTY PAY PANEL | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| PRO BONO PANEL | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| ENE | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| PRIVATE NEUTRAL | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

## What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

## Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

## How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not… |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

| **What does it cost?** | **Legal Advice/Information** |
|---|---|
| The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals. | **If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center. |
| **What is the difference between the contractors listed and the Superior Court ADR Office?**<br><br>The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case. | **Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org<br><br>**Court Personnel** can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org<br><br>**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings. |

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office.  Consult your phone directory to locate the number of the Court Office on your summons.)

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

---

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

1  JEFFREY M. COHON, ESQ. (CSBN 131431)
   KRISTINA S. KELLER, ESQ. (CSBN 161946)
2  **COHON & POLLAK, LLP**
   1999 Avenue of the Stars, Suite 1100
3  Los Angeles, California 90067
   310/231-4470
4  310/231-4610

5  Attorneys for Defendant
   Bad Boys Bail Bonds, Inc.
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  ROBERT RAMOS                    )  CASE NUMBER BC 390317
                                    )
12          Plaintiff,              )  *Assigned for all purposes to the Honorable*
                                    )  *Edward A. Ferns (Department 69)*
13  vs.                             )
                                    )  **ANSWER OF DEFENDANT BAD BOYS**
14  BAD BOYS BAIL BONDS, INC., COUNTY)  **BAIL BONDS, INC. TO UNVERIFIED**
    OF LOS ANGELES, and DOES 1 through 20,)  **COMPLAINT**
15  inclusive,                      )
                                    )  **DEMAND FOR TRIAL BY JURY**
16          Defendants.             )
                                    )
17  _____)

18

19      TO THE PLAINTIFF ROBERT RAMOS AND TO HIS COUNSEL OF RECORD:

20          Defendant BAD BOYS BAIL BONDS, INC., a California Corporation, for itself alone, and for

21  no other Defendant, answers and otherwise responds to the Complaint of Plaintiff, ROBERT RAMOS,

22  as follows:

23          1.      Pursuant to the provisions of California Code of Civil Procedure, Section 431.30(d),

24  Defendant denies generally and specifically each and every allegation of the Complaint, and the whole

25  thereof, including each and every purported cause of action contained therein;

26          2.      Further answering the Complaint, Defendant denies that Plaintiff has sustained or will

27  sustain any injury, damage, or loss by reason of any act, omission or negligence on the part of Defendant

28  or its agents.

                                        1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 17 2008

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
       Jalon Taylor

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3.     The allegations of the Complaint, and each and every purported cause of action contained therein, fail to allege facts sufficient to state a cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.     The Complaint, and each and every alleged cause of action contained therein, is barred by each and every applicable statute of limitation, including, but not limited to, California Code of Civil Procedure, Sections 337, 338, 339, 340 and 343.

THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

5.     Plaintiff is barred from asserting each and all of the purported causes of action, or otherwise asserting any right against Defendant, by reason of the inequitable conduct of Plaintiff, his agents, or his predecessors, amounting to unclean hands.

FOURTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

6.     Plaintiff is estopped from asserting the allegations contained in the Complaint and in each and every cause of action contained therein, by reason of acts, omissions, representations, and course of conduct by Plaintiff, his agents, or his predecessors, upon which Defendant was led to rely to its detriment.

FIFTH AFFIRMATIVE DEFENSE

(Consent)

7.     Plaintiff, his agents, or his predecessors, gave express and or implied consent to the acts, omissions and conduct alleged against Defendant in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

8.     The Complaint herein and each and every cause of action contained therein is unenforceable in that Plaintiff, his agents or his predecessors, have voluntarily and knowingly waived

2

38

ANSWER OF DEFENDANT BAD BOYS BAIL BONDS TO UNVERIFIED COMPLAINT

1    each and all of Plaintiff's purported rights and causes of action against Defendant.

2                    SEVENTH AFFIRMATIVE DEFENSE

3                        (Failure to Mitigate Damages)

4          9.      Defendant is informed and believe and, based thereon alleges, that Plaintiff has failed

5    to make reasonable efforts to mitigate the alleged damages he claims to have suffered. Accordingly,

6    the relief, if any, to which Plaintiff might be entitled must be diminished by the extent of his actual

7    earnings, income and benefits during the relevant period, or the amount which he reasonably could have

8    earned or received, whichever is greater.

9                    EIGHTH AFFIRMATIVE DEFENSE

10                   (Comparative and Contributory Negligence)

11         10.     While denying any misconduct, Defendant believes that Plaintiff, his agents or his

12   predecessors were contributorily or comparatively negligent so that the relief, if any, to which Plaintiff

13   might be entitled must be diminished by the extent of his comparative or contributory negligence.

14                   NINTH AFFIRMATIVE DEFENSE

15                     (Non-Discriminatory Reasons)

16         11.     Defendants had legitimate and non-discriminatory business reasons for any actions they

17   took with respect to Plaintiff.

18                    TENTH AFFIRMATIVE DEFENSE

19                       (Good Faith/Privileged)

20         12.     Any actions taken, and any statements and communications made by Defendant were

21   undertaken in good faith and in the exercise of proper discretion. Accordingly, such actions were

22   privileged or are immune from civil prosecution or the imposition of penalties pursuant to all applicable

23   sections of the Labor Code, Civil Code and the Code of Civil Procedure.

24                   ELEVENTH AFFIRMATIVE DEFENSE

25                        (Exempt Status)

26         13.     Plaintiff was an exempt. salaried employee and therefore not entitled to the relief set

27   forth in the Complaint.

28

                                       3

                                                                                                    39

1

## TWELFTH AFFIRMATIVE DEFENSE

2

(Wage Orders)

3      13.      Plaintiff is not entitled to the relief set forth in the Complaint on the basis of all

4  applicable California and Federal wage orders.

5      WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

6      1. That Plaintiff take nothing by reason of the Complaint;

7      2. For costs and expenses incurred herein; and

8      3. For such other and further relief as this Court may deem just and proper.

9  DATED: June 16, 2008                              COHON & POLLAK, LLP

10

11                                           By:_____

12                                                JEFFREY M. COHON
                                                 Attorneys for Defendant
13                                               Bad Boys Bail Bonds, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

ANSWER OF DEFENDANT BAD BOYS BAIL BONDS TO UNVERIFIED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2     Defendant Bad Boys Bail Bonds, Inc. hereby demands a jury trial on all issues properly triable

3   by a jury.

4

5   DATED: June 16, 2008                    COHON & POLLAK, LLP

6

7                                    By:_____
                                          JEFFREY M. COHON
8                                         Attorneys for Defendant
                                          Bad Boys Bail Bonds, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT BAD BOYS BAIL BONDS TO UNVERIFIED COMPLAINT

41

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars, Suite 1100, Los Angeles, California 90067.

4

5

On June 16, 2008, I served the foregoing document described as **ANSWER OF DEFENDANT BAD BOYS BAIL BONDS, INC. TO UNVERIFIED COMPLAINT; REQUEST FOR JURY TRIAL** on the interested parties in this action:

6

7

X    by placing __ the original  X  a true copy thereof enclosed in sealed envelopes addressed as follows:

8

Matthew F. Archbold, Esq.

9

Deason & Archbold
3300 Irvine Avenue, Suite 245

10

Newport Beach, California 92660

11

X    BY MAIL:

12

X    I deposited such envelope in the mail at Los Angeles, California.

13

___    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

___    BY FACSIMILE:

17

18

I declare that the above-entitled document was transmitted by facsimile transmission to the facsimile telephone numbers last given and maintained by each person as indicated above, and that each transmission was reported as complete and without error pursuant to the transmission report, which I declare was properly issued by the transmitting facsimile machine.

19

20

Executed on June 16, 2008, at Los Angeles, California.

21

X (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

___Jeffrey M. Cohon___

24

25

26

27

28

6

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars, Suite 1100, Los Angeles, California 90067.

  On June 16, 2008, I served the foregoing document described as **NOTICE OF REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** on the interested parties in this action:

<u>X</u>  by placing __ the original <u>X</u> a true copy thereof enclosed in sealed envelopes addressed as follows:

Matthew F. Archbold, Esq.
Deason & Archbold
3300 Irvine Avenue, Suite 245
Newport Beach, California 92660

<u>X</u>  BY MAIL:

  <u>X</u>  I deposited such envelope in the mail at Los Angeles, California.

  __  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  __  BY FACSIMILE:

  I declare that the above-entitled document was transmitted by facsimile transmission to the facsimile telephone numbers last given and maintained by each person as indicated above, and that each transmission was reported as complete and without error pursuant to the transmission report, which I declare was properly issued by the transmitting facsimile machine.

  Executed on June 16, 2008, at Los Angeles, California.

<u>X</u> (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____    _____
Jeffrey M. Cohon

3

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BASED UPON FEDERAL QUESTION [29 U.S.C. §1441(c)]**